# IN THE COURT OF APPEALS OF IOWA

No. 14-1228
Filed November 13, 2014

**IN THE INTEREST OF K.K. AND K.K.,**
**Minor Children,**

**R.K., Father,**
**Appellant,**

**J.S., Mother,**
**Appellant.**

_____

Appeal from the Iowa District Court for Pottawattamie County, Charles D. Fagan, District Associate Judge.

A mother and father separately appeal the termination of their parental rights to their two children. **AFFIRMED ON BOTH APPEALS.**

Michael Hooper, Council Bluffs, for appellant father.

Mark J. Rater, Council Bluffs, for appellant mother.

Thomas J. Miller, Attorney General, Janet L. Hoffman, Assistant Attorney General, Matthew Wilbur, County Attorney, and Eric Strovers, Assistant County Attorney, for appellee State.

Marti Nerenstone, Council Bluffs, attorney and guardian ad litem for minor children.

Considered by Vogel, P.J., and Vaitheswaran and Potterfield, JJ.

**VAITHESWARAN, J.**

A mother and father separately appeal the termination of their parental rights to their two children, born in 2009 and 2011. The mother (1) challenges the grounds for termination, (2) contends termination was not in the children's best interests, and (3) asserts the juvenile court should have declined to terminate based on the bond she shared with the children. The father contends (1) the grounds for termination were not satisfied, (2) the Department of Human Services failed to make reasonable efforts towards reunification, (3) termination was not in the children's best interests, and (4) the juvenile court should have granted one of the exceptions to termination.

## I. Mother

The family was referred to the department in 2011 after the younger child tested positive for methamphetamine at birth. The children were adjudicated in need of assistance and the mother received services to address her drug addiction.

The mother cooperated with those services and was allowed to keep her children with her for twenty-one months. Her progress was so marked that the juvenile court granted the district court concurrent jurisdiction to adjudicate the mother's request for full custody.

The mother had a setback in 2013. She relapsed and the juvenile court ordered the children removed from her care.

To her credit, the mother made significant efforts to return to a path of sobriety. She attended Alcoholics Anonymous/Narcotics Anonymous meetings three times a week and readied an apartment for the children. Despite these

efforts, she relapsed again in February 2014. By her own admission, she continued to use methamphetamine in March and April, with her usage increasing in April. In May, the mother reported her drug usage to service providers and re-committed to services. By this time, however, the State had filed a petition to terminate her parental rights to the children.

At the termination hearing, a department case worker recommended termination of the mother's parental rights, citing the "length of time that we have provided services" and the mother's inability "to maintain a safe environment for herself and the kids." The juvenile court adopted the recommendation and terminated the mother's parental rights under several statutory provisions.

On our de novo review, we find clear and convincing evidence to support termination under Iowa Code sections 232.116(1)(f) and (h) (2013) (requiring proof of several elements including proof child cannot be returned to parent's custody). While the mother testified to sobriety for fifty days, her relapses suggested she had not internalized the lessons she learned during inpatient and outpatient treatment.

We recognize the mother generally had positive interactions with the children during supervised visits and shared a strong bond with them. But her inability to maintain her sobriety had an adverse effect on the older child in particular, who expressed anger towards his mother during some of the visits. The younger child also showed aggressive behaviors in the foster home, although those behaviors may have been a function of his age rather than interactions with his mother. Be that as it may, there is no question both children were at risk of future harm in their mother's care, given her repeated return to

methamphetamine use. Accordingly, we conclude termination was in the children's best interests. *See* Iowa Code § 232.116(2). For the same reason, we conclude the court acted appropriately in declining to invoke the exception to termination based on the parent-child bond. *See* Iowa Code § 232.116(3)(c).

## II. Father

The father's parental rights were terminated pursuant to several statutory provisions, including sections 232.116(1)(f) and (h). Like the mother, the father was not in a position to have the children returned to his custody. According to the mother, he began using methamphetamine when he was fourteen and continued to use the drug for the next three decades. The mother initially appeared fearful of him and, as a result, the department sought and obtained a court order prohibiting contact between them.

The father's visits with the children were always supervised. The visitation supervisor expressed concern with the father's parenting style, which was based on intimidation and physical control. There was scant if any indication the father could parent the children on an unsupervised basis, either in the short or long term. Accordingly, termination was warranted under sections 232.116(1)(f) and (h).

In reaching this conclusion, we have considered the father's contention that his reunification attempts were stymied by the department's unwillingness to provide reasonable reunification services. *See In re C.B.*, 611 N.W.2d 489, 493-94 (Iowa 2000). The father's argument finds some support in the record. Contrary to the State's assertion, the father timely and repeatedly sought transportation assistance to attend a drug testing facility and a required batterers'

education program. The department did not furnish this assistance. However, a department social worker offered to set up drug testing at a location closer to his home, only to have the father defensively respond he did not need drug testing because he did not use drugs. His assertion was belied by a positive drug test early in the proceedings.

The father also did not follow-up with batterers' education, even though a service provider gave him information about a program near his home. And, he declined supervised visits for a period of time. In short, he did not cooperate with offered services. Under these circumstances, we conclude the department made reasonable efforts toward reunification notwithstanding its unwillingness to transport him to the drug testing facility and batterers' education program.

This brings us to the father's best interest argument. Given the father's history of methamphetamine abuse and his unwillingness to undergo regular drug testing, the children would not have been safe in his care. Termination of his parental rights was in the children's best interests. *See* Iowa Code § 232.116. For the same reason, the court acted appropriately in declining to invoke an exception to termination based on the parent-child bond. *See* Iowa Code § 232.116(3)(c).

We affirm the termination of the mother's and father's parental rights to the two children.

**AFFIRMED ON BOTH APPEALS.**